WILLIAM GRIMES, PLAINTIFF IN ERROR, V. JOHN A. SHERMAN, DEFENDANT IN ERROR.

Chattel Mortgage: CASE STATED. One M. dying intestate, left his widow and two children, also an estate. The widow was appointed guardian of the children during their minority, giving a guardian's bond, her brother, J. A. S., signing the same as surety, and retaining a part of the estate, which consisted of money collected from a life insurance company, in his hands. The widow afterwards intermarried with one J. S. M. J. A. S. delivered that part of the estate remaining in his hands, being $500 in money, to J. S. M., taking from him a mortgage on certain chattels, as an indemnity against his liability as surety on said bond, which mortgage was recorded. Afterwards J. S. M. became indebted, judgments were rendered, and executions issued, upon which the mortgaged chattels were taken in execution by the sheriff. In an action of replevin between J. A. S. and the sheriff, *Held*, That as the said mortgage interfered with no existing right, was fair, and free from fraud in fact, or intended, it is valid, and must be upheld.

ERROR to the district court for Johnson county. Tried below before BROADY, J.

*S. P. Davidson* and *L. C. Chapman*, for plaintiff in

error, cited: *Kansas Mnfg. Co. v. Gandy*, 11 Neb., 451, 452. Herman on Chattel Mort., 125. *Jewett v. Preston*, 27 Me., 400. *Bingham v. Kimball*, 17 Ind., 396. Jones on Mortgages, Sec. 615. Brandt on Suretyship, Secs. 9 to 21. *Davidson v. King*, 51 Ind., 224. *Crossan v. May*, 68 Ind., 242. *Favorite v. Stidham*, 84 Ind., 426. *Savings Bank v. Colcord*, 15 N. H., 119. *Ransom v. Schmela*, 13 Neb., 76.

*A. M. Appelget* and *C. K. Chamberlain*, for defendant in error, cited: 2 Parsons on Cont., 6. *Kelsey v. Hibbs*, 13 O. S., 352. *Bridges v. Blake*, 106 Ind., 332. *Churchill v. Bradley*, 58 Vt., 403. *Sexton v. Wheaton*, 8 Wheat., 250.

COBB, J.

This cause comes to this court on error from the district court of Johnson county.

The following is deemed a sufficient statement of the facts: J. P. Moore died intestate, leaving a widow and two children; also an estate consisting of money due from a life insurance company.

John A. Sherman, a brother of the widow, acting for her and her children, collected the money; a part of it he paid over to the widow as her dower interest, part of it he expended in the purchase of a house and lot in the name of the children, retaining $500 of it in his own hands. The widow took out letters of guardianship of her children, and gave a guardian's bond of $2,500, her brother, John A. Sherman, becoming her surety on the bond. At the time of giving the bond and Sherman becoming her surety, there was an understanding between Sherman and the widow that he was to retain the money belonging to the children under his control as an indemnity against his liability on the bond; afterwards, however, he paid it all out except $500 for a house and lot for the

use of the family as above stated, and gave to the widow his note for $500, which he testified on the trial was intended only as a memorandum showing the amount retained by him.

Afterwards the widow intermarried with one James S. Montz. Sometime after the marriage Montz, desiring to purchase certain pool and billiard tables and other personal property, applied to Sherman for the $500 to pay for the same, and agreed to give him a chattel mortgage thereon to stand in the place of said money as Sherman's indemnity against his liability on said guardian's bond. With this understanding Sherman paid over the money to Montz, and sometime afterwards, on October 17, 1885, received from him the chattel mortgage given in evidence on the trial, which mortgage was recorded in the proper office within the same week. Montz, at the date of giving and recording the mortgage, was entirely free from debt, but afterwards became indebted, and on May 28, 1887, the plaintiff in error, as sheriff of said county, holding two writs of execution, one on the judgment of McCord, Brady & Company for $102.79, and $5.90 costs, dated May 9, 1887, and the second on a judgment of L. H. Milligan & Son for $79 and $4.40 costs, dated June 23, 1886, against said Montz, levied on said property then in the possession and use of the judgment debtor.

The present action was brought in replevin for said property by Sherman against the sheriff. Upon the trial which was had to the court, a jury being waived, there was a finding and judgment for the plaintiff.

The plaintiff in error assigns the following errors for consideration in this court:

1. The court erred in overruling the motion for a new trial.

2. The finding and judgment are contrary to the evidence.

3. They are contrary to law.

4.   For errors of law on the trial excepted to by defendant.

5.   For errors in sustaining plaintiff's objections to, and the exclusion of testimony offered by defendant.

6.   For error in overruling defendant's objections to, and admitting improper testimony offered by plaintiff.

7.   The finding and judgment should have been for the defendant under the law and evidence.

8.   There was no consideration shown for the chattel mortgage of the plaintiff.

The 1st, 2d, 3d, 7th, and 8th errors will be considered together.   As to the 4th and 5th assignments, I will only observe that as the plaintiff in error offered no direct evidence on the trial, I find nothing in the bill of exceptions to which these assignments can apply, and as to the 6th, that it has been repeatedly decided by this court, and is, I think, a well established rule, that in causes tried to a court, without a jury, error assigned for the improper admission of evidence on the trial will not be considered as sufficient cause to reverse the judgment.

The plaintiff in error cites numerous cases to the point that a note or mortgage given without consideration will not be enforced in a court, either of law or equity.   These cases, I think, arose upon direct proceedings to enforce the collection of such notes and mortgages.   In none of them is the point presented of a subsequent creditor of the party executing such note or mortgage seeking to set it aside and have it held for naught on account of the want of consideration.   There are, however, numerous cases in which substantially the same question here involved is decided.   The leading case is that of *Sexton v. Wheaton*, 8 Wheat. (21 U. S.), 229, cited by counsel for defendant in error.   In that case, Wheaton, who held an office in the house of representatives of the United States, bought and paid for a house and lot, but the persons from whom he bought it conveyed the property to Sally Wheaton, his wife.   About

two years afterwards Wheaton lost his office, and as a means of livelihood entered into mercantile business, got in debt to New York merchants, and failed. Judgments were rendered on these debts, executions were returned *nulla bona*, and a creditor's bill brought to subject this house and lot to the payment of the judgments. The case went to the supreme court of the United States, where the decree of the district court, dismissing the bill upon the merits, was affirmed. The opinion of Chief Justice Marshall is lengthy and exhaustive. While it may be claimed that this case as an authority is applicable only to cases of voluntary settlements in favor of wife or children, yet I think it cannot be successfully denied that the reason of the case applies to all cases of conveyances of any species of property by a person who is not indebted and is free from contractual obligations of every kind, at the time of such conveyance, and at the time of the placing of such conveyance upon the public records. The above case forms the initial one in Hare & Wallace's American Leading Cases, where there is an exhaustive review of the case and other cases cited. This case is followed by that of *Mattingly v. Nye*, in the same court, 8 Wall, 370, where the former case is approved and followed. The case of *Barker v. Barker*, 2 Woods (U. S. circuit court for the 5th circuit), 87, is an instructive case and authority, to the same effect as the preceding ones.

In the case at bar it is neither pleaded nor proved that there was fraud in fact, or intended, on the part of either Montz or Sherman in the execution and delivery by the one, and the receipt by the other, of the chattel mortgage in question. It is in proof and undenied that, at the date, delivery, and recording of the mortgage, Montz was entirely free from debt, the debts sued on having been, so far as appears from the record, contracted one and two years afterwards. The observation of Chief Justice Marshall in *Sexton v. Wheaton, supra*, would be applicable here : " It

would seem to be a consequence of that absolute power which a man possesses over his own property that he may make any disposition of it which does not interfere with existing rights of others, and such disposition, if it be fair and real, will be valid." See also *Cadogan v. Kennett*, 2 Cowper R., p. 434 of opinion. A conveyance valid when made becomes fraudulent and void as against future creditors by being concealed, because by its concealment persons may be induced to become creditors to the grantor. See *Barker v. Barker*, *supra*. But in the case at bar there was no concealment. The mortgage was placed upon the public records within less than a week after its execution, and more than a year and a half before the principal creditor became a creditor of Montz, so far as appears by the record.

But the mortgage was not a voluntary conveyance on the part of Montz. He received an advance of $500 from Sherman, the identical money with which he purchased the property involved in this replevin suit. That was the real consideration for the mortgage. Another and different sum is named in the mortgage. But an error in stating the consideration may be explained by parol evidence. See Herman on Chat. Mort., Sec. 60, and numerous cases there cited. The error in stating the consideration is sufficiently explained by evidence. I think it was commendable on the part of Montz to indemnify his wife's surety on her guardian's bond to the extent of the money received by him belonging to the heirs, and if there was a doubt in the case, which I don't think there is, I would be inclined to solve it to the upholding of the same.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.